114 355
r214s 463

## South Side Elevated Railroad Company and Cosmopolitan Electric Company v. John Nesvig.

### Gen. Nos. 11.151 and 11,183.

1. ELECTRIC SHOCK—*when employee injured by, may recover.* Where an employee of a railroad company, whose duties are those of a guard, is injured by coming in contact with a pole by reason of putting his head over a particular gate in order to see if a noise which he had heard indicated something wrong, from which injury might result to his train and the passengers thereon, he is not guilty of contributory negligence, as it was his duty to exercise great care for the safety of the passengers upon his train, and to that end to be vigilant, alert and watchful against signs and indications of danger.

2. OBSTRUCTION—*when cause of action for personal injuries arising from, exists.* Where an obstruction is placed in a street, alley or elsewhere, so near to the tracks of a railroad company as to endanger the safety of the employees of such company in the discharge of their duties, and one of such employees, while in the exercise of ordinary care for his own safety, is injured, a cause of action exists.

3. VERDICT—*when, not excessive.* A verdict of $8,000 is not excessive where it appears that the plaintiff, prior to his injuries, was a

guard in the employ of an elevated railroad company, and that he has received severe and permanent injuries to his head, causing deafness in one ear; that by reason of such injuries he has been unable to control himself to work or to study, and the pain in his head from the time of his injury to the time of his trial has been constant and severe.

FREEMAN, P. J., dissenting in part.

Action on the case for personal injuries. Appeal from the Superior Court of Cook County; the Hon. JOSEPH E. GARY, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1903. Affirmed. Opinion filed June 3, 1904.

**Statement by the Court.** John Nesvig, appellee, recovered a judgment against the South Side Elevated Railroad Company and the Cosmopolitan Electric Company, for $3,000, in an action on the case for negligence, to reverse which the defendants each took and perfected an appeal to this court, where, by consent, the appeals were heard together upon the same record and abstracts.

The railroad company, since 1892, has owned and operated an elevated railroad upon its own right of way, except where it crosses streets or alleys. At 18th street in Chicago, and for some distance south therefrom, the railroad right of way is west of and adjoining a public alley. A pole used to carry wires used in lighting by electricity was erected in this alley a short distance south from 18th street. This pole was fourteen inches from the side of a car upon the railroad track. The gates upon the platform of the car are six inches back from the sides of the car, so that the distance from the gate to the pole was twenty inches. Plaintiff Nesvig was a guard upon a train of the railroad company, and on approaching the place where he was injured, heard a noise which he thought indicated that a brake shoe or trolley shoe of his train was loose. He looked over the gate on the west side of the platform, and seeing nothing wrong, put his head over the gate on the east side of the platform to see if he could discern anything wrong, and his head came in contact with the pole, and he received the injuries complained of. The pole was erected about two years before the accident.

FRANCIS W. WALKER, EDWARD C. NICHOLS and FRANCIS J. SULLIVAN, for appellants.

MARVIN E. BARNHART and L. L. BOMBERGER, for appellee; W. N. GEMMILL, of counsel.

MR. JUSTICE BAKER delivered the opinion of the court.

It is insisted that the plaintiff was guilty of contributory negligence. It is said that it was no part of his duty to put his head so far over the gate while the train was in motion; that if he heard a noise that indicated that a shoe was loose he should have stopped the train. This contention is without merit. It was plaintiff's duty to exercise great care for the safety of the passengers upon his train, and to that end to be vigilant, alert and watchful against signs and indications of danger, and in case he heard a noise that indicated to him danger to his train, it was his duty promptly to investigate and ascertain whether there was such danger and whether there was cause for stopping the train.

The evidence warranted the jury in finding that it was in discharging this duty that plaintiff was injured, and the question whether in doing what he did in the discharge of that duty, he exercised ordinary care for his own safety was, upon the evidence in the case, a question of fact for the jury, upon which their verdict is conclusive.

There are many cases in which judgments in favor of an employee of a railroad company against the company for injuries sustained by such employee when upon a car in the discharge of his duty by coming in contact with a telegraph pole, wire, or other obstruction on the right of way of the railroad company, have been sustained. C. & I. R. R. Co. v. Russell, 91 Ill. 298; C. B. & Q. R. R. Co. v. Gregory, 58 Ill. 273; 1 Thompson on Negligence, 2nd ed., sec. 1239; I. C. R. R. Co. v. Welch, 52 Ill. 183; Erslew v. N. O. & N. E. R. R. Co., 21 So. Rep. 153.

It is insisted by the railroad company that as the pole stood, not upon the right of way of the railroad company but in a public alley, over which the company had no

control, the railroad company cannot be held liable. The duty of the railroad company was to use reasonable care to furnish to those in its service a reasonably safe place to work, and when a pole was erected so near to its tracks as to endanger the safety of those employed on its trains it was its duty to use reasonable diligence to cause the removal of such pole to a safe distance from the track. The evidence shows that the superintendent of the railroad company knew of the erection of the pole two years before the accident; that three days before the accident its train master was told that the pole was liable to hurt some one if it was not moved, and no effort was made to effect the removal of the pole until after the accident. The pole was no less dangerous standing in an alley than it would have been had it stood upon the right of way at the same distance from the track. It is a general rule that for every legal wrong the law affords a remedy, and we cannot doubt that the law can prevent the placing of an obstruction in a street, alley or elsewhere so near to the tracks of a railroad company as to endanger the safety of the employees of the company in the discharge of their duties.

We think the evidence abundant to support the finding of the jury that the pole in question was erected and maintained by the Cosmopolitan Electric Company. It was the duty of that company, in erecting the pole, to use ordinary care to see that the pole was placed at such a distance from the tracks of the railroad company as not to endanger the employees of that company in the discharge of their duties. The finding of the jury that the electric company was guilty of negligence in placing the pole so near to the railroad track and that such negligence contributed to the injury of plaintiff, cannot be said to be against the evidence.

The jury were fully instructed in twenty-five instructions given for the defendants as to the law of the case and we find no error in the refusal to give either of the two instructions which were refused.

It is contended that the damages are excessive. From the evidence the jury were warranted in finding that the

Chicago City Ry. Co. v. O'Donnell.

plaintiff sustained severe and permanent injuries to his head, causing deafness in one ear; that by reason of such injuries he has been unable to control himself, to work or to study, and that the pain in his head from the time of his injury, August 2, 1900, to the time of the trial, October 2, 1902, had been constant and severe. We cannot say that upon the evidence the damages awarded the plaintiff are excessive.

The judgment will be affirmed as to both of the appellants.

*Affirmed.*

Mr. Presiding Justice FREEMAN concurs in the conclusion as to the Cosmopolitan Electric Company, but dissents from the conclusion and judgment as to the South Side Elevated Railroad Company.